Ogle vs. Clough.

CASE 32—PETITION EQUITY—SEPTEMBER 27.

# Ogle vs. Clough.

APPEAL FROM HARRISON CIRCUIT COURT.

1. The holder of the legal title to land sought to be subjected, in equity, to the payment of a judgment, after a return of no property, is a necessary party.

2. Whenever the petition omits a party deemed necessary by the chancellor, he ought, before final hearing, to notify the petitioner thereof and give him a reasonable time to supply the defect.  (*Sec.* 40, *Civil Code.*)

Ogle vs. Clough.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellant, Elizabeth Ogle, having obtained a judgment for $200 against Mark Clough and Almon Lewis, an execution for the enforcement of which was returned "no property," filed her petition in equity to subject to her judgment Clough's alleged equitable interest in 64 acres of land on which he resided. The petition failed to make the holder of the legal title a party, or to suggest who he was. The testimony, however, shows that Clough had bought the land from Henry Mahorney, and had paid the price. Mahorney may, therefore, be, *prima facie*, presumed to hold the legal title, and was a necessary party. And, if he held the legal title, the petition ought to have alleged the fact and made him a defendant. And if he, being the owner of the legal title, consent to convey it, the land might be subjected by the appellant, even though there may be no written memorial of his sale to Clough. The circuit court dismissed the petition without prejudice. This was, we think, premature and erroneous, as it is often difficult to determine who will be adjudged necessary parties in equity. Whenever the petition omits a party deemed necessary by the chancellor, he ought, before final hearing, to notify the petitioner thereof and give him reasonable time to supply the defect. This provident rule of practice having been long recognized by this court, was confirmed by legislative authority in the 40th section of the Code of Practice.

Wherefore, the judgment dismissing the petition is reversed, and the cause remanded, with leave to the appellant to amend her petition, and with instructions to dismiss it absolutely, unless the amendment shall be filed during the term at which the mandate shall be filed.